UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRUST BANK, N.A., a national banking association, and P.G.R. CORPORATION, an Illinois Corporation, <br> Plaintiffs, <br> v. <br> MONTPELIER US INSURANCE COMPANY, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No. 12-cv-9233 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs CenTrust Bank, N.A. ("CenTrust") and P.G.R. Corporation ("P.G.R.") seek a declaratory judgment to cover losses after a fire to a commercial property insured by defendant Montpelier US Insurance Company ("Montpelier"). Montpelier moves to dismiss plaintiffs request for failure to state a claim pursuant to Fed. R. Civ. 12(b)(6). For the following reasons, Montpelier's motion to dismiss is granted.

**Background**

On August 1, 2007, CenTrust made a loan to P.G.R. in the amount of $3,030,000.00. The loan was secured by a mortgage covering commercial property located in Maywood, Illinois ("Maywood Property"). On May 14, 2010, Montpelier issued a Commercial Insurance Policy covering the Maywood Property from May 14, 2010 to May 14, 2011. On May 14, 2011, Montpelier renewed its coverage of the Maywood Property from May 14, 2011 to May 14, 2012. Specifically, the Policy contained an appraisal clause which provided that:

> If [Montpelier] and [P.G.R.] disagree on the value or the property of the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, [Montpelier] will still retain [its] right to deny the claim.

1

(Compl. at ¶23).

The policy also provides that no legal action may be brought against Montpelier unless there has been full compliance with the terms of the insurance coverage. On August 10, 2011 the Maywood Property was substantially damaged by a fire and P.G.R. submitted a claim for damages under the policy. Plaintiffs CenTrust and P.G.R. allege that the actual damages as a result of the fire total $1,201,179.31. On October 12, 2012, Montpelier attempted to invoke the appraisal clause of the insurance policy. Plaintiffs CenTrust and P.G.R. argue that because Montpelier reserves the right to deny their claims, there is no mutuality of obligations and the appraisal clause is illusory. Accordingly, the plaintiffs seek a declaratory judgment providing that its insurance claims are covered by the insurance policies, that the parties' appraisal clause is unenforceable, and that Montpelier has an obligation to cover losses under the policy in the amount of $1,201,179.31. Plaintiffs also seek reasonable attorney's fees. Defendant Montpelier moves to dismiss the plaintiffs action. Montpelier argues that the appraisal clause is valid and by the terms of the parties' agreement, the plaintiffs must submit to an appraisal prior to bringing any action against Montpelier. For the following reasons, Montpelier's motion to dismiss is granted and plaintiffs' motion for declaratory judgment is denied in its entirety.

**Legal Standard**

Defendant Montpelier moves to dismiss the plaintiffs' complaint for declaratory judgment pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted. In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

Illinois courts have held that "an appraisal clause is analogous to an arbitration clause and is enforceable in a court of law in the same manner as an arbitration clause." *Travis v. Am. Mfrs.*

*Mut. Ins. Co.*, 335 Ill. App. 3d 1171, 1174 (Ill. App. Ct. 5th Dist. 2002). Appraisal clauses are preferred over litigation and after a court determines that an appraisal clause exists, the court must next determine if the parties' dispute is covered by the particular clause. *Hobbs v. State Farm Mut. Auto. Ins. Co.*, 2002 Ill. App. LEXIS 166 (Ill. App. Ct. 5th Dist. Mar. 8, 2002). Here, the plaintiffs do not dispute that they entered into the insurance contracts or that the insurance policy agreement and appraisal clause exist. The plaintiffs argue however that the appraisal clause is illusory and unenforceable because it provides that "if there is an appraisal, [Montpelier] will still retain [its] right to deny the claim."

Contrary, to plaintiffs' contention, the appraisal clause at issue is not void for lack of mutuality of obligation simply because of a retained rights clause. An appraisal is a relatively limited process. *FTI Int'l, Inc. v. Cincinnati Ins. Co.*, 339 Ill. App. 3d 258, 261 (Ill. App. Ct. 2003). By its terms, the scope of the appraisal clause is applicable only to disputes over the value of the insured property. *Kinkel v. Cingular Wireless*, LLC, 357 Ill. App. 3d 556, 560 (Ill. App. Ct. 5th Dist. 2005). The appraisal clause here covers the parties' dispute; namely the value of the Maywood Property and the amount of loss. Given that an appraisal clause is limited to issues of valuation, where the clause provides that the insurance company "will still retain [its] right to deny the claim," this Court interprets such language to mean that the insurer may still object to liability, but cannot object to the amount assessed by the appraisal process. Indeed, the appraisal process itself is not designed to answer questions of contract interpretation. *Kinkel v. Cingular Wireless*, LLC, 357 Ill. App. 3d 556, 560 (Ill. App. Ct. 5th Dist. 2005). Accordingly, an insurance company may reserve the right to challenge such questions of contract interpretation. Where we interpret the appraisal clause as retaining only the right to dispute issues of coverage as to whether the policy conditions have been violated and not the valuation of the property at issue, Montpelier's reservation of the right to deny the claim does not affect the validity of the appraisal provision.

Next, the plaintiffs argue that Montpelier did not timely invoke the appraisal clause. The plaintiffs argue that under the terms of the Policy, Montpelier was required to give notice of its intentions concerning loss payment within thirty days after receiving proof of loss. The plaintiffs contend that Montpelier's failure to comply with this notice requirement constituted waiver of the appraisal clause. However, there is no allegation in the plaintiffs' complaint that they ever provided such proof of loss to Montpelier. The plaintiffs merely argue that Montpelier "admits"

that a sworn proof of loss was submitted on July 21, 2012 in its motion to dismiss. However, contrary to the plaintiffs' contentions, Montpelier makes no such concession in its brief and in fact argues that the plaintiffs declined to execute the proof of loss and release. Because Montpelier was required to give notice only upon receipt of the proof of loss, and plaintiffs do not allege that they supplied such proof of loss, the plaintiffs' arguments are without merit.

**Conclusion**

Plaintiffs fail to allege sufficient facts to support any legal theory under which they would be entitled to a declaratory judgment. Accordingly, Montpelier's motion to dismiss is granted. Defendants CenTrust and P.G.R.'s motion for declaratory judgment is denied.

IT IS SO ORDERED.

Date: May 1, 2013

Sharon Johnson Coleman
United States District Judge